**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**MINNEAPOLIS DIVISION**

| | |
|---|---|
| MATTIE NASH-JACKSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>　　　　Defendant. | Case No. _____<br><br>**DEFENDANT DELTA AIR LINES, INC'S NOTICE OF REMOVAL**<br><br>[Removed from the District Court, County of Hennepin, Fourth Judicial District, Case No. 27-CV-23-8065]<br><br>**JURY TRIAL DEMANDED** |

PLEASE TAKE NOTICE THAT Defendant, Delta Air Lines, Inc. ("Delta"), by and through its attorneys, WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP, hereby removes the above-styled action, currently pending as Case No. 27-CV-23-8065 in the District Court – Fourth Judicial District, County of Hennepin, State of Minnesota, to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.

**I.   Removal is Timely.**

1. Plaintiff served her Summons and Complaint on Delta on May 12, 2023. She subsequently filed her Summons and Complaint in the District Court – Fourth Judicial District, County of Hennepin on May 26, 2022. Delta timely answered Plaintiff's Complaint on June 2, 2023. A true and correct copy of the Summons and Complaint, and all process, pleadings, and orders in the state court action are attached as required by 28 U.S.C. § 1446(a). Delta is filing this Notice of Removal within 30 days of receipt of the Complaint, making removal timely. *See* 28 U.S.C. § 1446(b)(2)(B).

**II.   Nature of Plaintiff's Complaint.**

2. This case arises from an alleged incident on or about June 7, 2017 while Plaintiff was a passenger onboard a Delta flight from Minneapolis, MN to Chicago, IL. (*See* Compl. ¶¶ IV

283555354v.1

– XI.) Plaintiff alleges, *inter alia*, that Delta's employees and/or agents would not allow her to carry onto the airplane and/or use her portable oxygen concentrator which she needed due to her health conditions. (*Id.* ¶ VII.) Plaintiff further alleges that while she was provided with another oxygen tank during the flight, it was insufficient to supply her with adequate oxygen for the duration of the flight. (*Id.* ¶ IX.) Ultimately, Plaintiff claims that she was unable to breathe on the flight and suffered great bodily harm as a result of the lack of oxygen and was taken by ambulance from Chicago O'Hare to a hospital for emergency medical care. (*Id.* ¶ XI.) Plaintiff asserts negligence and intentional tort claims against Delta seeking recovery for damages including severe and permanent bodily injuries, pain and suffering, emotional distress, limitations on her activities, medical expenses, and loss of earnings and earning ability. (*Id.* ¶¶ XIV, XVI.)

**III.    Removal is Proper Because There is Complete Diversity of Citizenship Between Plaintiff and Defendant and the Amount in Controversy Exceeds $75,000.**

3.      Pursuant to 28 U.S.C. § 1332, subject matter jurisdiction exists because Plaintiff and Delta are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(1).

**A. Complete Diversity Exists Between the Parties.**

4.      Plaintiff is a resident of Arizona and, hence, a citizen of Arizona for the purposes of determining diversity. (Compl. ¶ I; 28 U.S.C. § 1332.)

5.      Delta is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. For the purpose of determining diversity, Delta is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

6. Hence, complete diversity among the parties to this action exists under 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy Exceeds the Jurisdictional Requirement.

7. The party asserting federal jurisdiction has the burden of showing that the amount in controversy requirement is met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Where the complaint does not state a specific amount (as is the case here), the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy in fact exceeds $ 75,000. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). The burden can be met if, on the face of the complaint, it is apparent that the claims are likely above that amount. *McNeilus Truck and Mfg., Inc. v. Hunt*, Civ. No. 01-1099, 2001 U.S. Dist. LEXIS 17016, 2001 WL 837940, at *2 (D. Minn. July 23, 2001).

8. The amount-in-controversy requirement for diversity jurisdiction is satisfied in the instant matter because it more probable than not that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

9. In this case, Plaintiff has pleaded damages in excess of $50,000 (the jurisdictional threshold for Minnesota district courts), (Compl. at 5), and that she suffered great bodily harm as a result of the lack of oxygen. (Compl. ¶ XI.) Furthermore, the Complaint alleges that her damages include severe and permanent bodily injuries, pain and suffering, emotional distress, limitations on her activities, medical expenses, and loss of earnings and earning ability. (*Id.* ¶¶ XIV, XVI.) ***Moreover, Plaintiff asserted in her state court civil cover sheet that her medical expenses to date were in the amount of $89,921.57.*** (*See* Civil Cover Sheet 2.)

283555354v.1

10. Based upon the facts as alleged in Plaintiff's Complaint and other filings, a good-faith estimate of the stakes establishes that the amount in controversy as to Plaintiff's alleged damages exceeds the $75,000 jurisdictional threshold.

11. Consequently, the amount in controversy as to each Plaintiff satisfies the requirements of 28 U.S.C. § 1332(a).

### IV. All Procedural Requirements for Removal are Satisfied.

#### A. Consent.

12. There are no other Defendants in this case, so no other Defendants need to express consent to removal.  28 U.S.C. §1446(b)(2)(A).

#### B. Venue is Proper.

13. The removed action was pending in Hennepin County.  Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the District Court for the district and division embracing the place where the state-action is pending.

#### C. The State Court Record.

14. A true and complete copy of the state court file, including a copy of the court's docket, is attached he.  *See* 28 U.S.C. § 1446(a).

#### D. Notice to the State Court.

15. A copy of this Notice is being served on all parties and filed with the clerk of the state court from which the action has been removed.  There are no pending motions in the removed action.

WHEREFORE, Defendant, Delta Air Lines, Inc., hereby removes the above-captioned action to the United States District Court for the District of Minnesota and seeks resolution by this Court of all issues raised herein.

Dated this 2nd day of June, 2023

        *s/ John P. Loringer*
        John P. Loringer (390894)
        Wilson Elser Moskowitz Edelman & Dicker LLP
        555 East Wells Street, Suite 1730
        Milwaukee, Wisconsin 53202
        Tel:  (414) 276-8816
        Fax:  (414) 276-8819
        john.loringer@wilsonelser.com

        **Attorneys for Delta Air Lines, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I caused the foregoing **Notice of Removal** to be filed electronically with the Clerk of Court through ECF and that I caused a copy of the same to be mailed by FedEx Overnight, to the following:

Susan M. Holden
Attorney for Plaintiff
SiebenCarey, P.A.
901 Marquette Avenue, Suite 500
Minneapolis, MN 55402
612-333-4500
susan.holden@knowyourrights.com

          */s/ John P. Loringer*
          John P. Loringer

6

283555354v.1