STATE OF MINNESOTA

COUNTY OF HENNEPIN

PERSONAL INJURY

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Mattie Nash-Jackson,

        Plaintiff,

vs.

Delta Air Lines, Inc., a foreign corporation,

        Defendant.

**SUMMONS**

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at: 901 Marquette Avenue, Suite 500, Minneapolis, MN 55402.

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to

1

respond. A default judgment can then be entered against you for the relief requested in the Complaint.

     5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

     6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 5/11/2023

Susan M. Holden, #189844
Attorney for Plaintiff
SiebenCarey, P.A.
901 Marquette Avenue, Suite 500
Minneapolis, MN 55402
612-333-4500
susan.holden@knowyourrights.com

2

| | |
|---|---|
| STATE OF MINNESOTA | PERSONAL INJURY DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Mattie Nash-Jackson,

        Plaintiff,

vs.

Delta Air Lines, Inc., a foreign corporation,

        Defendant.

**COMPLAINT**

PLAINTIFF, FOR HER CAUSE OF ACTION AGAINST DEFENDANT HEREIN, STATES AND ALLEGES AS FOLLOWS:

I.

That, at all times material and relevant hereto, Plaintiff Mattie Nash-Jackson resides in the County of Maricopa, State of Arizona.

II.

That, at all times material and relevant hereto, Defendant Delta Air Lines, Inc., is a foreign corporation, formed under the laws of the State of Delaware, and is licensed to do business in the State of Minnesota, having as its registered agent for service of process Corporation Service Company located at 2345 Rice Street, Suite 230 in the city of Roseville, State of Minnesota.

III.

That, venue is proper in this Court pursuant to Minn. State § 542.09 as Hennepin County, State of Minnesota is the county in which the occurrence at issue took place.

IV.

That, on or about June 7, 2017, Plaintiff, Mattie Nash-Jackson was a ticketed passenger on Delta Air Lines flight number DL1668, on an aircraft owned and operated by Defendant Delta Air Lines, Inc. which departed from Phoenix Sky Harbor International Airport and arrived at Minneapolis-St.Paul International Airport (hereinafter MSP).

V.

That, after Ms. Nash-Jackson's arrival at MSP, Defendant's employees and/or agents assisted her by pushing her wheelchair from the Delta Air Lines, Inc. gate of arrival to the Delta Air Lines, Inc. gate of her connecting flight to Chicago, Delta Air Lines flight number DL2606.

VI.

That, Ms. Nash-Jackson's connecting flight from MSP to Chicago O'Hare International Airport, Delta Air Lines flight number DL2606, and the airplane serving that flight were also owned and operated by Defendant Delta Air Lines, Inc.

VII.

That, Ms. Nash-Jackson has health conditions, including Chronic Obstructive Pulmonary Disease, which require supplemental oxygen for breathing. Prior to the date of her flight on June 7, 2017, Ms. Nash-Jackson received appropriate approval from Defendant Delta Air Lines Inc., to use a portable oxygen concentrator and the batteries necessary for operation of the portable oxygen concentrator for the duration of her Delta Air Lines, Inc. flights between Phoenix Sky Harbor, MSP and Chicago-O'Hare. Her boarding passes for both flights she purchased between Phoenix and MSP, and between MSP and Chicago-O'Hare, both noted on the face of the boarding passes that she would be carrying on the portable oxygen concentrator.

2

VIII.

That, upon reaching the aforementioned MSP gate where Ms. Nash-Jackson intended to board her flight to Chicago O'Hare International airport, Defendant Delta Air Lines, Inc.'s employees and/or agents negligently and carelessly denied Ms. Nash-Jackson permission to carry onto the airplane and/or use her portable oxygen concentrator and necessary batteries aboard her flight number DL2606 to Chicago, even though she had carried the same items on Defendant's flight DL 1668 that same day from Phoenix to MSP.

IX.

That, Ms. Nash-Jackson was given an oxygen tank that was on board the Delta Air Lines, Inc., airplane. This oxygen tank was insufficient to supply Ms. Nash-Jackson adequate oxygen for the duration of the flight.

X.

That, a second and last oxygen tank that was on board the plane and offered to Ms. Nash-Jackson during this flight was empty.

XI.

That, Ms. Nash-Jackson had inadequate oxygen, was unable to breathe and suffered great bodily harm as a result of lack of oxygen. She was taken by ambulance from Chicago O'Hare to a hospital for emergency medical care due to the injuries she suffered as a result of this incident.

XII.

That, the aforementioned incident was caused by the negligence and carelessness of Defendant Delta Air Lines, Inc. and the negligent and careless actions of

3

its employees and/or agents for whom Defendant is responsible and/or vicariously responsible.

XIII.

That, Defendant Delta Air Lines, Inc. owes a duty to its passengers, including Plaintiff Mattie Nash-Jackson, to use the highest degree of care and diligence to make sure that its passengers like Ms. Nash-Jackson are safe. Defendant negligently failed to provide this highest degree of care and diligence for Ms. Nash-Jackson.

XIV.

That, as a direct and proximate result of the negligence and carelessness of the Defendant and its agents and/or employees, Plaintiff sustained severe and permanent bodily injuries and she has in the past and will in the future suffer damages because of these injuries including but not limited to pain, suffering, and emotional distress, limitations on her activities, medical expenses to treat her injuries, and loss of earnings and earning ability, all to her damage in an amount undetermined at this time.

XV.

That, there was nothing Plaintiff Mattie Nash-Jackson did or unreasonably failed to do that caused or contributed to cause this incident or her injuries.

XVI.

That, Defendant's employee and/or agent acted intentionally in denying Ms. Nash-Jackson full use of the necessary batteries and portable oxygen concentrator she needed during the flight DL2606 to Chicago, and intentionally refused to allow her in-flight access to the previously approved medical devices, even though Defendant had already approved her to carry the items with her and even though she had already carried these items with her on the Delta Air Lines, Inc. flight DL1668 that same day from

4

Phoenix. As a result of this intentional conduct, Defendant Delta Air Lines, Inc. strictly liable for all of the resulting harm to Ms. Nash-Jackson, as alleged herein.

**WHEREFORE**, Plaintiff Mattie Nash-Jackson demands judgment against Defendant Delta Air Lines, Inc., for a reasonable sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs and disbursements herein.

Dated: 5/11/2023

Susan M. Holden, #189844
Attorney for Plaintiff
SiebenCarey, P.A.
901 Marquette Avenue, Suite 500
Minneapolis, MN 55402
612-333-4500
susan.holden@knowyourrights.com

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees bay be awarded pursuant to Minn. Stat. §549.211 to the party against whom the allegations in this pleading are asserted.

Dated: 5/11/2023

Susan M. Holden, #189844

5